# Court of Appeals
# of the State of Georgia

ATLANTA,  August 13, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1144. TARIK SHOMARI JACKSON v. THE STATE.

In 2002, a jury found Tarik Shomari Jackson guilty of multiple offenses, including armed robbery, kidnapping, possession of a firearm during commission of crimes, and aggravated assault upon a police officer, for which he was sentenced as a recidivist to life in prison without the possibility of parole. This Court affirmed his convictions on appeal. *Jackson v. State*, 276 Ga. App. 77 (622 SE2d 423) (2005). Since that time, Jackson has filed multiple motions challenging the validity of his sentence, all of which have been dismissed or denied by the trial court. Jackson also has filed multiple applications and appeals in this Court seeking to challenge those rulings, all of which have been dismissed. See *Jackson v. State*, Case No. A16D0467 (Ga. App. Aug. 2, 2016) (concluding Jackson's arguments that the State failed to provide notice of prior felony offenses used to enhance his sentence and failed to prove three prior felony convictions did not raise colorable void-sentence claims and dismissing appeal); *Jackson v. State*, Case No. A26A0545 (Ga. App. Oct. 22, 2025) (holding Jackson's claims about alleged lack of notice and failure by the State to prove three prior felony convictions were barred by res judicata and law of the case; ruling not-colorable a third claim that the law did not authorize the sentence; and dismissing appeal); *Jackson v. State*, Case No. A26D0230 (Ga. App. Dec. 17, 2025) (holding application for discretionary review of this Court's order in Case No. A26A0545 barred by law of the case).

Shortly after remittitur was filed in Case No. A26A0545, Jackson filed yet another motion alleging a void sentence, again arguing that the law did not authorize

his sentence. The trial court dismissed the motion, and Jackson filed this appeal.

"It is well established that any issue that was raised and resolved in an earlier appeal is law of the case and is binding on this Court." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation omitted). "[T]he law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." Id. (punctuation omitted). We previously have considered the validity of Jackson's sentence, and he "is not entitled to multiple bites at the apple." Id. at 328. See also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and law-of-the-case rule once the issue has been raised and ruled upon." (punctuation omitted)); *Jordan v. State*, 253 Ga. App. 510, 511–12(2) (559 SE2d 528) (2002) (holding that once a motion to vacate a void sentence has been raised and considered, that decision is res judicata); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."). Because Jackson may not re-litigate the same issues raised in a prior appeal, this appeal is hereby DISMISSED. See *Paradise*, 321 Ga. App. at 373.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/13/2026__

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*